**Cheryl HALVERSON, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 01–36022.

D.C. No. CV–98–06183–AA.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2002.*

Decided Aug. 2, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before GOODWIN, T.G. NELSON and W. FLETCHER, Circuit Judges.

MEMORANDUM **

In a prior appeal, we reversed the district court's judgment affirming the deci-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sion of the Commissioner of Social Security ("Commissioner") to deny benefits to Cheryl Halverson, and we remanded for an award of benefits. Halverson now appeals the district court's denial of her motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. We reverse on the question of attorneys' fees and remand on the question of costs.

The parties are familiar with the facts and the medical evidence in the underlying record, so we proceed to the discussion of attorneys' fees. A party that prevails against the United States in a civil action is entitled to an award of attorneys' fees under the EAJA "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The EAJA creates a presumption that fees will be awarded to prevailing parties. *See Thomas v. Peterson,* 841 F.2d 332, 335 (9th Cir.1988). Therefore, it is the government's burden to show that its position was substantially justified. *See Gutierrez v. Barnhart,* 274 F.3d 1255, 1258 (9th Cir.2001).

A substantially justified position must have a reasonable basis both in law and fact. *See id.; Flores v. Shalala,* 49 F.3d 562, 569 (9th Cir.1995) ("In this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA."). The EAJA provides that the " 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

Once a claimant shows that she cannot return to her previous job, the burden of proof shifts to the Commissioner to show that she can do other types of work. *See Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988). The Commissioner must ordinarily use a vocational expert to meet that burden. *See id.* "Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant .... If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has *no evidentiary value.*" *Id.* (emphasis added). In *Flores,* we held that the Secretary's decision to defend an ALJ ruling in which the ALJ had relied on a vocational expert's testimony was not substantially justified because the ALJ failed to consider a relevant report in posing the hypothetical. 49 F.3d at 570–71. Relying on this authority, Halverson argues that because the ALJ's hypothetical omitted relevant limitations clearly evidenced in the medical reports, the vocational expert's opinion had no evidentiary value. Consequently, she argues, the ALJ's reliance on that opinion and the Commissioner's defense of the ALJ's ruling were not substantially justified.

We agree. Although it is a close question, we find insufficient support in the record for the ALJ's omission from its vocational hypothetical of all limitations from migraines in the absence of strong odors. We previously held that the ALJ's determination lacked substantial evidence because, even though Halverson's testimony about the frequency of episodes was properly discredited and her treating physician indicated that her condition had improved, the medical record showed that she continued to suffer two attacks per month. *Halverson v. Apfel,* No. 99–35680, 2000 WL 1763215 (9th Cir. Nov.17, 2000) (unpub.disp.).

The ALJ's failure to incorporate into the vocational hypothetical such findings from the later medical reports was unreasonable. First, the ALJ did not point to any

evidence supporting complete relief from migraines by late 1996, but simply declared that all the doctors' findings after April 1995 were not supported by "objective evidence." This is insufficient under *Embrey*. *See* 849 F.2d at 422–23 ("To say that medical opinions are not supported by sufficient objective findings . . . does not achieve the level of specificity that our prior cases have required. . . . [T]he ALJ's analysis does not give proper weight to the subjective elements of the doctors' diagnoses."). Second, the ALJ never addressed the significant time gap between Dr. Mallory's last report (April 1995) upon which the ALJ relies and the time of the hearing in which the ALJ formulated the vocational hypothetical (August 1996) or issued its decision (January 1997). The only medical evidence after April 1995 appears to be from Dr. Melson, Dr. Brummer, Dr. Pearson, and Dr. Bieraugel, all of whose opinions the ALJ disregarded in devising the vocational hypothetical limitations. It is unreasonable for the ALJ not to have considered any medical evidence of Halverson's condition more timely than April 1995 in evaluating Halverson's current condition at the time of the ALJ opinion (January 1997). Third, the more recent medical reports did not materially conflict with each other (except as to frequency of migraines) or with any other opinions, including that of Dr. Mallory. Although Dr. Mallory had found that Halverson's condition was improving due to her avoidance of trigger factors, that assessment appears to be more than 18 months before the more recent reports. Further, even Dr. Mallory noted that Halverson had suffered a migraine absent trigger factors in his March 24, 1995 report. Given that fact, even if the later medical reports were "less persuasive," it was unreasonable to ignore completely the evidence of Halverson's continuing migraines. There was no countervailing evidence from which the ALJ could have reasonably concluded that Halverson was no longer suffering *any* debilitating effects from migraines.

Based on these factors, the ALJ did not have a reasonable basis to omit from the vocational hypothetical all limitations from migraines in the absence of strong odor triggers. Thus, the Commissioner was not substantially justified in defending the ALJ's decision based on the vocational expert's opinion, and we reverse the district court's denial of attorneys fees under 28 U.S.C. § 2412(d)(1)(A).

We also remand so that the district court can exercise its discretion whether to award costs (in addition to attorneys' fees and expenses) to Halverson under 28 U.S.C. § 2412(a)(1).

REVERSED AND REMANDED.