MEMORANDUM **
Daniel Brink (“Brink”) appeals the denial of his application for Supplemental Security Income benefits. The parties are familiar with the facts, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and reverse.
We review the Commissioner of Social Security’s (“the Commissioner’s”) denial of benefits de novo. Gillett-Netting v. Barnhart, 371 F.3d 593, 595 (9th Cir.2004). We will affirm the Commissioner’s decision if it is supported by substantial evidence and applies the correct legal standards. Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir.2004).
A hypothetical question posed to a vocational expert must “include all of the claimant’s functional limitations, both physical and mental.” Flores v. Shalala, 49 F.3d 562, 570 (9th Cir.1995). Here, the administrative law judge (“ALJ”) accepted medical evidence that Brink has moderate difficulty maintaining concentration, persistence, or pace. However, the ALJ’s initial hypothetical question to the vocational expert referenced only “simple, repetitive work,” without including limitations on concentration, persistence or pace. This was error.
The Commissioner’s contention that the phrase “simple, repetitive work” encompasses difficulties with concentration, persistence, or pace is not persuasive. Indeed, repetitive, assembly-line work of the type described by the expert might well require extensive focus or speed. That the ALJ did not equate “simple, repetitive work” with work requiring concentration, persistence, or pace, is evinced by his subsequent hypothetical question incorporating “moderate to marked attention and concentration deficits.” When the ALJ asked whether a claimant with moderate to marked attention and concentration deficits would be able to perform the simple, repetitive work described earlier, the vocational expert responded in the negative.
In Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir.2008), we held that an “assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with the restrictions identified in the medical testimony.” Id. at 1174. The medical testimony in Stubbs-Daniel-son, however, did not establish any limitations in concentration, persistence, or pace. Here, in contrast, the medical evidence establishes, as the ALJ accepted, that Brink does have difficulties with concentration, persistence, or pace. Stubbs-Dan-ielson, therefore, is inapposite.
Although the ALJ accepted that Brink has moderate difficulty with concentration, persistence, or pace, he nevertheless concluded, contrary to the vocational expert’s testimony, that Brink can perform certain light work. This conclusion was based on an incomplete hypothetical question, and is not supported by substantial evidence. The hypothetical question to the vocational expert should have included not only the limitation to “simple, repetitive work,” but also Brink’s moderate limitations in concentration, persistence, or pace.
Accordingly, we remand to the district court to remand to the Commissioner so that the ALJ can clarify his hypothetical and determine whether Brink is able to *213 perform gainful employment in the national economy. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir.2004) (“the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation”) (internal quotation marks omitted).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.