**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUDITH A. JOHNSON,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE,

Defendant - Appellee.

No. 08-35630

D.C. No. 3:07-cv-05298-FDB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Submitted August 5, 2009[**]
Seattle, Washington

Before: PREGERSON, NOONAN and M. SMITH, Circuit Judges.

Judith Johnson ("Johnson") appeals the denial of her application for Social

Security Disability Insurance benefits. The parties are familiar with the facts,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and reverse.

We review the Commissioner of Social Security's ("the Commissioner's") denial of benefits de novo. *Gillett-Netting v. Barnhart*, 371 F.3d 593, 595 (9th Cir. 2004). We will affirm the Commissioner's decision if it is supported by substantial evidence and applies the correct legal standards. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). An ALJ's finding that a claimant is not disabled creates a presumption of nondisability. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). "The presumption does not apply, however, if there are changed circumstances." *Id.* (internal quotation omitted). "An increase in the severity of the claimant's impairment would preclude the application of res judicata." *Id.*

Here, the first ALJ found that Johnson had degenerative disc disease, but discounted her statements regarding her impairments and denied her claim. In the second proceeding, Johnson submitted new evidence of more severe limitations, including arm pain and numbness, cervical radiculopathy, and spinal stenosis. The

second ALJ's task was to determine whether Johnson's current circumstances were different from those found by the first ALJ. Instead, the second ALJ ignored the first ALJ's actual findings and conducted a new, retrospective inquiry into Johnson's medical condition at the time of the first ALJ's decision. This was improper. Preclusive effect attaches to the Commissioner's prior findings, not to retrospectively-determined facts that may have existed at the time of the prior proceeding. 42 U.S.C. §405(h) ("The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing."); *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (declining to afford preclusive effect to a prior decision where a second ALJ examined new evidence not available to the first ALJ). The second ALJ should have compared Johnson's current limitations to the limitations found by the first ALJ, not to the facts the second ALJ believed to have existed in 1999.

The ALJ's footnote cursorily stated that, even if changed circumstances did exist, the new evidence would not change the first ALJ's Residual Functional Capacity finding. This explanation is insufficient. *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995) (ALJ "may not reject significant probative evidence without explanation." (internal quotation omitted)); SSR 96-8p. The second ALJ did not provide specific and legitimate reasons for rejecting the post-March 1999 opinions

of Johnson's doctors. *See Lester*, 81 F.3d 821 at 830-31. Therefore, the second ALJ's determination that Johnson did not overcome the presumption of nondisability; that Johnson can perform light, past relevant work; and that Johnson is not disabled is not supported by substantial evidence.

Accordingly, we REVERSE and REMAND to the district court with instructions to remand to the Commissioner for analysis of whether Johnson's current limitations render her disabled.