**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE L. WILLIAMSON,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant - Appellee. | No. 10-35730<br><br>D.C. No. 3:09-cv-06156-BR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 8, 2011
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

   Christine Williamson ("Williamson") appeals the district court's judgment

affirming the Commissioner of Social Security's ("Commissioner") denial of

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Williamson's application for supplemental security income under Title XVI of the Social Security Act.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291.

The administrative law judge ("ALJ") did not err in rejecting Williamson's testimony.  If a claimant presents objective medical evidence of an underlying impairment and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).  Although not every reason given by the ALJ met this standard, it was nonetheless proper for the ALJ to discount Williamson's testimony based on Dr. Eckstein's observation that there was reason to suspect that Williamson exaggerated her symptoms.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (holding that a credibility determination based on, among other things, a tendency to exaggerate, was supported by substantial evidence).

Nor did the ALJ err in affording less than full weight to the testimony of lay witness Diane Brending ("Brending").  "If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons 'that are germane to each witness.'"  *Bruce*

---

[1] Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

2

*v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). That much of Brending's opinion was based on Williamson's subjective complaints was a germane reason for rejecting that testimony. Also germane to rejection in part of Brending's testimony was the ALJ's determination that objective evidence did not support that Williamson suffered limitations to the extent testified to by Brending.[2]

The ALJ did not err in giving less than full weight to the opinion of Dr. Eckstein. "The ALJ is responsible for resolving conflicts in the medical record," *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008), and "'must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician,'" *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). In explaining the weight given to Dr. Eckstein's report, the ALJ noted that Dr. Eckstein "acknowledged that her conclusions were tentative and might over-represent the degree of pathology" because objective testing showed exaggeration by Williamson. **ER 16.** This reason was a clear and convincing ground for not fully crediting Dr. Eckstein's opinion.

---

[2] Because the ALJ did not err in giving limited weight to Brending's testimony, the ALJ's conclusion that Williamson does not meet the criteria of any of the listed impairments, *see* 20 C.F.R. § 416.920(d), was also not erroneous.

However, the ALJ erred by not considering Williamson's concentration, pace, and persistence limitations—as attested to by Brending and Dr. Eckstein—in making a residual functional capacity ("RFC") assessment and in questioning the vocational expert ("VE"). In determining a claimant's RFC, an ALJ must assess all the relevant evidence, including medical reports and witnesses' descriptions of limitation, to determine what capacity the claimant has for work. *See* 20 C.F.R. § 416.945(a). Similarly, hypothetical questions that an ALJ poses to a VE to determine what work a claimant can perform "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)). Brending testified that Williamson suffered pace and persistence problems, and Dr. Eckstein's testing results indicated that Williamson suffered from low psychomotor speed. Consistent with this evidence, the ALJ found that Williamson had moderate limitations of concentration, persistence, and pace. **ER 13, 16–17.** But the ALJ did not account for these non-exertional limitations when he assessed Williamson's RFC or when he posed hypothetical questions to the VE about the type of work that Williamson was able to perform. This oversight was error. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("The hypothetical an ALJ poses to a

4

vocational expert, which derives from the RFC, 'must set out *all* the limitations and restrictions of the particular claimant.' Thus, an RFC that fails to take into account a claimant's limitations is defective." (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988))).

We reverse the judgment of the district court and remand with directions that it remand this case to the Commissioner for further administrative proceedings. In those proceedings, the ALJ shall include Williamson's concentration, pace, and persistence limitations in its RFC assessment and its inquiries to the VE.

**REVERSED AND REMANDED.**