**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD L. HAYNES, | No. 13-35724 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05271-RAJ |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 5, 2015[**]
Seattle, Washington

Before: O'SCANNLAIN, EBEL[***], and McKEOWN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Richard Haynes appeals the district court's order affirming the ALJ's denial of Social Security benefits. We review de novo and may reverse only if the ALJ's decision was not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

The ALJ offered several specific, clear, and convincing reasons for the negative credibility finding. The ALJ noted inconsistencies in Haynes's self-reported ability to engage in tasks that involve concentration, reading, writing, filling out forms, and communication. *See id.* at 1112 (noting that inconsistencies in a claimant's testimony about the claimant's abilities properly inform a credibility determination). The ALJ further noted that Haynes's testimony about his cognitive impairments and weakness is not consistent with parts of the medical record. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(3); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Finally, the ALJ appropriately considered "[t]he possibility of symptom exaggeration in the context of secondary gain" in light of the shifting bases for Haynes's complaints. Any other claimed error in the credibility determination is harmless because the ultimate credibility determination is supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162.

The ALJ likewise did not err in assessing Haynes's residual functional capacity. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."). The ALJ's conclusion that Haynes does not have functional limitations as a result of mental impairments is supported by substantial evidence. Dr. Losee's overall conclusion, based on examination and objective testing, was that Haynes does not suffer significant interference in his vocational functioning as a result of such impairments. *See Carmickle*, 533 F.3d at 1165 (affirming interpretation of physician's recommendation that included a non-imperative recommendation). Dr. Veltkamp's report was considered by Dr. Losee, and, in any event, was less relevant because it preceded the disability onset date. Haynes identifies no evidence that is probative of a different conclusion with regard to limitations resulting from mental impairments.

Haynes does not explain how the evidence of physical ailments that he lists is "significant probative evidence" of greater limitations than those already incorporated into the ALJ's decision. *See Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam)). With regard to Dr. Ogilvie's opinion, where a treating physician's opinion is contradicted by another physician, the ALJ may reject the

3

treating physician's opinion by providing "specific and legitimate reasons supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (internal quotation marks omitted). The ALJ validly met this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation thereof, and making findings." *Tommasetti*, 533 F.3d at 1041. The ALJ's error with regard to the timing of Dr. Ogilvie's reports is harmless because the ALJ was entitled to resolve conflicts with other evidence and because Dr. Ogilvie's conclusions are further undermined by the negative credibility determination regarding Haynes's subjective complaints. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195–97 (9th Cir. 2004).

The ALJ also did not err in the step-two determination of severe impairments. The temporal lobe abnormality is controlled by medication. *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (affirming the ALJ's conclusions regarding the disabling effects of particular impairments). As already noted, the ALJ reasonably resolved conflicts in the record and credited the opinion that the learning disorder and attention deficit / hyperactivity disorder did not result in vocational limitations.

4

Finally, the failure to take testimony from a vocational expert was not error. Considering the other reasons given by the ALJ for Haynes's lack of credibility and his residual functional capacity, and in the face of the substantial evidence relied on by the ALJ, Haynes has not persuaded us that the ALJ overlooked any nonexertional impairments "significant enough to limit further the range of work permitted by exertional limitations" so as to preclude application of the grids. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 n.2 (9th Cir. 2006).

**AFFIRMED.**