NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO OCAMPO, | No. 23-35555 |
| Plaintiff-Appellant, | D.C. No. 4:22-cv-05147-TOR |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted November 22, 2024**
Seattle, Washington

Before: GOULD, LEE, and H.A. THOMAS, Circuit Judges.

Julio Ocampo appeals the district court's order affirming an Administrative

Law Judge's ("ALJ") denial of disability insurance benefits and supplemental

security income. We have jurisdiction under 28 U.S.C. § 1291, and we review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo the district court's order. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We will set aside the ALJ's denial of benefits "only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

1. The ALJ erred by concluding that Ms. Chilton's report was not made by an acceptable medical source under the Social Security Act. When a source that is not an acceptable medical source works "closely with, and under the supervision of, [an acceptable medical source], her opinion is to be considered that of an 'acceptable medical source.'" *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011). While Ms. Chilton was a graduate student, and thus not an acceptable medical source, her examination was supervised and adopted by Dr. Kirchhoff, who is an acceptable medical source. The ALJ also erred in discounting Ms. Chilton's report because it relied to some extent on Ocampo's subjective complaints, when the report relied on a combination of some self-report measures and several objective measures. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Despite these errors, substantial evidence supports the ALJ's finding that Ms. Chilton's and Dr. Kirchhoff's opinions that Ocampo was impaired by schizophrenia are unpersuasive. The ALJ explained that Ms. Chilton's examination was not persuasive because it was not supported by adequate testing, and that it was

2

inconsistent with other medical evidence in the record. The ALJ similarly found Dr. Kirchhoff's opinion unpersuasive because it relied on Ms. Chilton's examination and was inconsistent with other medical evidence in the record. In making these findings, the ALJ properly resolved conflicts in the record and arrived at a rational conclusion that is supported by the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (holding that it is the ALJ's duty to resolve conflicts in the record, and where the ALJ arrives at a rational conclusion that is supported by the record, the ALJ's decision must stand).

Because the ALJ relied in part on findings not substantiated by the record to support an adverse credibility finding but gave sufficient other reasons for the finding that were supported by the record, the ALJ's errors with respect to whether Ms. Chilton's report was created by an acceptable medical source and with respect to Ms. Chilton's reliance on Ocampo's subjective complaints were harmless. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

2. The ALJ also found that the schizophrenia diagnosis was not medically determinable because it was provisional but cites to no authority stating that provisional diagnoses cannot be medically determinable impairments. Ms. Chilton and Dr. Kirchhoff were reasonably certain that Ocampo has a thought disorder meeting the criteria for a schizophrenia diagnosis. That diagnosis was supported by objective medical evidence and was labeled provisional only because there was

3

another possible cause of the disorder. The diagnosis was not speculative, and the ALJ erred in concluding that the diagnosis was not a medically determinable impairment.

Where the ALJ errs in excluding a severe impairment, that error is harmless if the ALJ later considers limitations caused by that impairment in the residual functional capacity ("RFC") analysis and does not err at other steps. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 682–683 (9th Cir. 2005). Here, the ALJ properly considered the limitations that Ms. Chilton found in her examination, including during the ALJ's RFC analysis. Because the ALJ made a favorable determination at step two and the ALJ did not err at Steps Three or Five, the district court correctly found that any error at this stage was harmless. *See Burch*, 400 F.3d at 682.

3. The ALJ did not err in finding that Ocampo's impairments did not equal Listing 12.03. An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to a listing in an equivalency determination unless the claimant presents evidence to establish equivalence. *Burch*, 400 F.3d at 683. Because the ALJ did not err in finding the opinions of Dr. Kirchhoff and Ms. Chilton unpersuasive and partially persuasive, respectively, and Ocampo did not present other evidence tending to establish that his limitations were equivalent to Listing 12.03, the ALJ did not err in deciding not to consider Listing 12.03 or in deciding

4

schizophrenia did not impact Ocampo's RFC. *See Woods v. Kijakazi*, 32 F.4th 785, 792–93 (9th Cir. 2022) (explaining that an ALJ can reject a medical opinion as unpersuasive if they provide an explanation supported by substantial evidence).

4. The ALJ did not err in discounting Ocampo's subjective complaints or the lay witness testimony of Ocampo's mother. If a claimant presents objective medical evidence of an impairment that could be reasonably expected to produce the symptoms to which the claimant testifies, the ALJ may only reject the claimant's testimony by clear and convincing evidence. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The ALJ found that Ocampo's statements concerning the intensity, persistence, and limiting effects of his symptoms were inconsistent with his daily activities. Ocampo's daily activities are sufficient to show clear and convincing evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). With respect to the testimony of Ocampo's mother, the ALJ expressly took her testimony into account in determining RFC.

5. The ALJ did not fail to meet her burden at step five. An ALJ posing a hypothetical question to a vocational expert "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)). But it is proper for an ALJ to limit a hypothetical to only those restrictions that are supported by substantial evidence in

5

the record.  *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989).

Because the ALJ properly discounted both the opinions of Dr. Kirchhoff and Ms. Chilton as well as Ocampo's subjective testimony, the ALJ did not err in excluding Ocampo's schizophrenia diagnosis or additional limitations from her hypothetical.

**AFFIRMED.**