77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory STEPHENS, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of the
Social Security Administration, Defendant-Appellee.
 No. 94-35982.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted by Telephone Conference Jan. 25, 1996.
Decided Feb. 8, 1996.
 
 Before: NOONAN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Gregory Stephens sustained injuries to his right arm and back as a result of a May 1992 automobile accident. The injuries significantly diminished appellant's ability to use his right arm and caused appellant to experience recurring back pain. In July 1992, appellant applied for Disability Insurance Benefits and Supplemental Security Income. Appellant contended that he satisfied several disability listings and thus should be classified as presumptively disabled. Appellant also asserted that even if he was not presumptively disabled, his physical and psychological impairments in combination made him eligible for benefits. The ALJ denied benefits after determining that appellant did not satisfy the disability listing requirements and that appellant could work. The Commissioner adopted the ALJ's decision to deny benefits and the district court affirmed. Stephens now appeals. We now affirm in part, reverse in part, and remand for payment of benefits.
 
 FACTS
 Appellant's Physical Condition
 
 3
 On May 13, 1992, appellant sustained multiple injuries, including fractures of his right arm and elbow, in an automobile accident. On May 14th, Dr. Erkkila, an orthopedic surgeon, performed surgery on appellant's right arm. Although most of appellant's injuries healed quickly, problems with the range of motion in appellant's right elbow and shoulder persisted. Appellant had very limited flexibility in his elbow and could not lift objects with his right arm. Despite the limited elbow mobility, Dr. Erkkila determined in July 1993 that no further treatment was necessary, since the elbow was "pain free and ... stable." Dr. Erkkila concluded that although appellant's right hand would function normally, appellant would probably never regain "normal motions and function" in his right shoulder or elbow.
 
 
 4
 Appellant repeatedly complained to Dr. Erkkila of back pain and reported that he had to lie down several times a day.[1] Dr. Erkkila then ordered x-rays which revealed compression fractures of two vertebrae in appellant's back. Dr. Erkkila concluded that during an eight-hour workday appellant could sit for up to five hours, stand for up to three hours, and walk for between three and four hours. None of these activities, however, could be performed for more than two hours at a time. Dr. Erkkila also concluded that appellant must lie down from one to two hours in a workday for up to one hour at a time.
 
 
 5
 Appellant testified at his July 1993 administrative hearing that his shoulder and back pain persisted.[2] As a result of limited strength and range of motion in his right arm, appellant found it very difficult to lift objects with his right hand. Appellant also indicated that his back pain limited the amount of time he could stand continuously to 10-15 minutes, limited the distance he could walk at one time to 25 blocks, and forced him to lie down about twice a day for 30-45 minutes to relieve the pain.
 
 Appellant's Psychological Condition
 
 6
 On May 6, 1993, appellant was examined by Dr. Noparstak, a psychiatrist, for purposes of psychiatric evaluation and a work capacity assessment. Dr. Noparstak concluded that appellant suffered from depression, post-traumatic stress disorder, and a substance abuse problem (in remission). Based on these diagnoses, Dr. Noparstak determined that appellant met or equaled disability Listing 12.04 (affective disorders) and Listing 12.06 (anxiety disorders). Accordingly, Dr. Noparstak "recommend[ed] [appellant] be recognized as unemployable."
 
 
 7
 Dr. Warner, a nonexamining psychologist appointed by the ALJ to assess appellant's psychological health, testified at the administrative hearing. Dr. Warner had reviewed appellant's personal and medical history, including the report of Dr. Noparstak. Dr. Warner, unlike Dr. Noparstak, did not believe that appellant's psychological disorders met or equaled the requirements of disability Listings 12.04 and 12.06. More specifically, Dr. Warner testified that Dr. Noparstak's evaluation of the effects appellant's disorders had on appellant's ability to work was not supported by the record.
 
 Testimony of Vocational Expert
 
 8
 George Goodwin testified at appellant's hearing as a vocational expert. The ALJ asked Mr. Goodwin to assume that the use of appellant's right arm was significantly limited and that appellant demonstrated moderate limitations in his ability to work together with others. Mr. Goodwin responded that, given these limitations, appellant would not be able to perform any of his past work. Mr. Goodwin indicated, however, that even with the hypothesized limitations appellant could work as a fund raiser, a telephone answering service operator, or an escort vehicle driver.
 
 
 9
 Appellant's attorney changed the hypothetical by asking Mr. Goodwin to assume that appellant's physical capacity was consistent with the arm and back assessment of Dr. Erkkila. Mr. Goodwin testified that the limited mobility in the right arm noted by Dr. Erkkila would not prevent appellant from performing the three jobs he had listed. Mr. Goodwin also testified, however, that if appellant needed to lie down for more than fifteen minutes at a time during the workday, appellant was unemployable.
 
 The ALJ's Decision
 
 10
 The ALJ concluded that appellant was not presumptively disabled because none of appellant's physical or mental impairments met or equaled any of the disability listings found in the disability regulations. Although the impairments did prevent appellant from returning to his past work, the ALJ determined that, consistent with the opinion of the vocational expert, appellant could work as a fund raiser, a telephone answering service employee, or an escort vehicle driver. The ALJ rejected Dr. Erkkila's back pain assessment and appellant's back pain testimony in making his disability assessment. The ALJ concluded that appellant was not eligible for benefits.
 
 
 11
 The ALJ's denial of benefits became the final decision of the Commissioner when appellant's request for review of the ALJ's decision was denied by the Appeals Council.[3] Appellant then filed an action in federal district court seeking reversal of the Commissioner's denial of benefits. The district court affirmed the Commissioner's final decision on August 25, 1994, and appellant timely appealed.
 
 DISCUSSION
 Standard of Review
 
 12
 We review de novo a district court's order upholding the Commissioner's denial of benefits. See Flaten v. Secretary of Health and Human Servs., 44 F.3d 1453, 1457 (9th Cir.1995). The scope of appellate review is limited, however. A determination that a claimant is not presumptively disabled under the disability regulations must be affirmed if the Commissioner applied the correct legal standard and her decision is supported by substantial evidence. See id.
 
 Disability Listings
 
 13
 Appellant contends that he satisfies disability Listing 1.12, which addresses disability caused by the non-union of a fracture in the arm. The fracture must be under "continuing surgical management" to satisfy Listing 1.12. The ALJ denied appellant's Listing 1.12 claim because the fracture in appellant's right arm was not the subject of "continuing surgical management." We find that the ALJ's Listing 1.12 determination is supported by substantial evidence. Not only did appellant not undergo any repeated surgical procedures of any kind, but Dr. Erkkila's reports indicated that the fracture was "stable" and that "no further treatment was necessary." Accordingly, we affirm the Commissioner's denial of appellant's Listing 1.12 claim.
 
 
 14
 Appellant also contends that the ALJ's Listing 12.04 (affective disorders) and Listing 12.06 (anxiety disorders) determinations are not supported by substantial evidence. We disagree. Although appellant's examining psychiatrist concluded that appellant met or equaled the listing requirements, the opinion of the examining psychiatrist was controverted both by objective evidence in the record (appellant's personal and work history) and by the opinions of an examining psychologist and a nonexamining medical advisor. The ALJ, after reviewing the record and evaluating the reliability of the examining psychiatrist's conclusions, supported his decision to reject the opinion of the examining psychiatrist with the necessary specific and legitimate reasons supported by substantial evidence. See Lester v. Chater, 69 F.3d 1453, 1463-64 (9th Cir.1995). Thus, we also affirm the Commissioner's denial of appellant's Listing 12.04 and Listing 12.06 claims.
 
 Appellant's Back Pain
 
 15
 Appellant contends that the ALJ erred by refusing to consider the effect appellant's alleged back pain had on appellant's ability to work. We agree. Dr. Erkkila, appellant's treating physician, noted that appellant suffered two compression fractures in his spine as a result of appellant's automobile accident and concluded that appellant must lie down for one to two hours in an eight hour workday for up to an hour at a time. The treating physician's assessment was neither controverted by the opinion of any other medical expert nor contradicted by any evidence in the record,[4] and the ALJ did not provide any convincing reasons for rejecting the limitations identified by the treating physician.[5]
 
 
 16
 The Secretary makes an additional argument that warrants some discussion. The Secretary points out that in reports from July and August 1992, Dr. Erkkila concluded that appellant could "probably start looking for work." The Secretary asserts that this entry in Dr. Erkkila's reports supports the ALJ's determination that appellant was able to perform work in the national economy. Both of those reports, however, were completed before October 1992, when appellant first complained to Dr. Erkkila of back pain, and before February 1993, when Dr. Erkkila took the x-rays of appellant's back that revealed compression fractures in his spine. It was after Dr. Erkkila's February 1993 examination of appellant and review of the x-rays that he concluded in his "Physician's Assessment of Physical Capacities" that appellant suffered from the various physical limitations related to his back that the ALJ later rejected. Thus, a close reading of the record reveals that although Dr. Erkkila concluded at one time that appellant could "probably" start looking for work, that opinion did not include the assessment of appellant's back pain that later formed the basis of the opinion rejected by the ALJ.[6]
 
 
 17
 The ALJ's failure to support his decision to reject the treating physician's opinion with specific and legitimate reasons supported by substantial evidence requires reversal of the ALJ's disability determination. The vocational expert testified at appellant's administrative hearing that if the treating physician's opinion regarding appellant's back was considered along with appellant's other limitations, appellant would not be able to find work in the national economy. Thus, had the ALJ included the back pain limitations, he would have been compelled to find appellant disabled. Because there are no disputed factual issues, no purpose would be served by remanding for further proceedings. See Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir.1995). Accordingly, we find that appellant is disabled and remand for payment of benefits.
 
 
 18
 AFFIRMED in part, REVERSED in part, and REMANDED for payment of benefits. Each party to bear its own costs.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with Section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this memorandum disposition for the sake of convenience
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellant also reported back pain to examining physicians at a Veterans Hospital
 
 
 [2]
 Appellant filed his social security and disability insurance applications on June 8 and July 1, 1992. The administrative hearing was held on July 22, 1993. Administrative Law Judge William Steward presided over the hearing
 
 
 [3]
 Because the Commissioner adopted the findings of the ALJ, our discussion below refers interchangeably to the findings of the ALJ and the final decision of the Commissioner to deny benefits
 
 
 [4]
 Moreover, appellant testified at the administrative hearing that his back pain forced him to lie down about twice a day for 30-45 minutes at a time. The ALJ rejected appellant's back pain testimony, concluding that the testimony "was not credible to the extent alleged." The ALJ's failure to provide any clear and convincing reasons for rejecting appellant's testimony also requires reversal of the ALJ's disability determination. See Lester, 69 F.3d at 1467 (noting that ALJ must provide clear and convincing reasons for rejecting claimant's testimony and must identify what testimony is not credible and what evidence undermines the claimant's complaints)
 
 
 [5]
 Even if appellant's back pain limitations did not independently qualify him for benefits, the combination of his back pain limitations and his severe, albeit not listing level, psychological impairments would certainly render him unable to perform work in the national economy. See 20 CFR § 404.1545(1) (providing that if claimant has more than one impairment, Secretary "will consider all of [claimant's] impairment(s) of which [the Secretary is] aware" in evaluating residual functioning capacity for purposes of a disability determination)
 
 
 [6]
 Two other points bear noting. First, there is no evidence on the record that the ALJ even considered Dr. Erkkila's July 1992 conclusion that appellant could probably start looking for work in deciding to reject Dr. Erkkila's assessment of appellant's back pain. The Secretary's effort to exhume that conclusion is really too little, too late given the ALJ's obligation to provide "specific and legitimate reasons" for rejecting Dr. Erkkila's back pain assessment. Second, although we need not decide the issue today, we are not convinced that a treating physician's opinion that appellant could "probably start looking for work" is entitled to any significant weight. Once the treating physician makes his assessment of appellant's physical limitations, the vocational expert is asked to assess whether those limitations prevent a claimant from finding work in the national economy. Vague assertions by the treating physician that appellant could probably start looking for work carry little, if any, weight in determining whether a claimant is disabled for purposes of the disability regulations