139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory STEPHENS, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Commissioner, Social Security
Administration**, Defendant-Appellee.
No. 96-35938.
D.C. No. CV-94-06021-MFM.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998***.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gregory Stephens appeals the district court's denial of his application for attorneys' fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Stephens sought attorneys' fees and expenses after this court held that Stephens was entitled to the payment of supplemental security income and disability insurance benefits. See Stephens v. Chater, No. 94-35982, 1996 WL 56166, at * 3 (9th Cir. Feb.8, 1996). We review for abuse of discretion, see Flores v. Shalala, 49 F.3d 562, 567 (9th Cir.1995), and we reverse and remand.
 
 
 3
 Here, this court reversed the Administrative Law Judge's ("ALJ") decision to deny benefits because the ALJ failed to set forth specific and legitimate reasons for rejecting the testimony of Stephens's treating physician, who concluded that Stephens suffered from physical limitations due to his back injury. Because of the importance of this testimony, and the ALJ's failure to set forth reasons for rejecting it, the Secretary's decision to oppose Stephens's request for a remand was not substantially justified. See Flores, 49 F.3d at 571; see also Yang v. Shalala, 22 F.3d 213, 217 (9th Cir.1994).
 
 
 4
 Accordingly, we reverse the district court's judgment and remand for the district court to determine the appropriate amount of attorneys' fees and other expenses owed to Stephens under the EAJA.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 **
 Kenneth S. Apfel is substituted for Shirley S. Chater. See Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3