105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas CHAVEZ; Gloria Bautista Chavez; Ronaldo Bautista
Calilong; Gemma Bautista Calilong, Plaintiffs-Appellants,
v.
Doris M. MEISSNER, Commissioner of the Immigration &
Naturalization Service; Janet Reno, Attorney General of the
United States of America; Immigration and Naturalization
Service; Richard K. Rogers, District Director of the Los
Angeles Office of the Immigration & Naturalization Service,
Defendants-Appellees.
 No. 95-56167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1996.*
Decided Dec. 19, 1996.
 
 Before HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Chavez appeals the district court's post-judgment order denying his request for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Chavez had filed a declaratory action against the Commissioner of the Immigration and Naturalization Service ("INS") alleging failure, due to bias, to forward the immigration files of Chavez's wife to the Board of Immigration Appeals ("BIA"), misconduct by INS agents, and denial of due process through witness intimidation and coercion. The complaint sought an order by the district court granting Mrs. Chavez and her two children permanent resident status, as well as an order requiring the INS to cease its abusive investigation tactics. Alternatively, the complaint sought a writ of mandamus to compel the INS district director to forward Mrs. Chavez's administrative record to the BIA.
 
 
 3
 After Chavez filed the complaint, the INS district director forwarded the administrative record to the BIA. In response to a government motion for summary judgment, the district court sua sponte dismissed the complaint. Chavez then filed a motion seeking attorneys' fees and costs under the EAJA, claiming that the principal objective of the lawsuit had been to compel the forwarding of the administrative record to the BIA. The district court denied the motion.
 
 
 4
 We review for abuse of discretion a district court's decision to deny attorneys' fees. Flores v. Shalala, 49 F.3d 562, 567 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the denial of fees.
 
 
 5
 To date, Chavez has not "established his entitlement to some relief on the merits of his claims." Hanrahan v. Hampton, 446 U.S. 754, 757 (1980). Although the forwarding of the administrative record to the BIA may eventually prove to be an important step in the processing of Chavez's claims, Chavez "will not ... attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known." Sullivan v. Hudson, 490 U.S. 877, 886 (1989). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties...." Forest Conservation Council v. Devlin, 994 F.2d 709, 712 (9th Cir.1993) (quoting Texas State Teachers v. Garland Indep. School Dist., 489 U.S. 782, 792-93 (1989)). As no "material alteration" of the relationship of Chavez and the government has yet occurred, we hold that the district court did not abuse its discretion in denying Chavez's request for attorneys' fees.
 
 
 6
 Chavez may become a "prevailing party" entitled to attorneys' fees at some time in the future; at present, however, his request for fees is premature.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3