120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernadette M. MORGAN, Plaintiff-Appellant,
v.
Shirley S. Chater, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-17099.
 United States Court of Appeals, Ninth Circuit.
 July 24, 1997.
Submitted July 22, 1997**
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 MEMORANDUM*
 Bernadette Morgan appeals the district court's denial of her request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 1
 The district court's denial of attorney's fees under EAJA is reviewed for an abuse of discretion. See Sampson v. Chater, 103 F.3d 918, 921 (9th Cir.1996). "The district court abuses its discretion when its decision is based on an erroneous conclusion of law or when the record contains no evidence on which [it] rationally could have based that decision." Id. (citations and internal quotations omitted).
 
 
 2
 Under the EAJA, a court shall award attorney's fees to a prevailing party in a civil action against the United States unless "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). To determine whether the Commissioner's position was substantially justified, we apply a reasonableness standard--whether the Commissioner's position had a reasonable basis in both law and fact. See Flores v. Shalala, 49 F.3d 562, 569-570 (9th Cir.1995). "When the ALJ is reversed for a failure to weigh conflicting medical evidence properly, an award of fees is inappropriate." Albrecht v. Heckler, 765 F.2d 914, 916 (9th Cir.1985) (per curiam); cf. Yanq v. Shalala, 22 F.3d 213, 217-18 (9th Cir.1994) (holding that government's position was not substantially justified where ALJ's failure to make determination based on evidence adduced at hearing violated claimant's due process rights)
 
 
 3
 Here, the ALJ rejected the opinion of one of Morgan's treating physicians that Morgan's impairments precluded any type of work. The ALJ found that the treating physician's opinion conflicted with an earlier opinion by the same treating physician and that no other medical source found that Morgan's impairments precluded any type of work. The district court found that the treating physician's opinion could not "be so easily rejected" and remanded for further proceedings to "reevaluate [the treating physician's] opinions."[1]
 
 
 4
 Because the remand was based on a failure to properly weigh the medical evidence, the district court did not abuse its discretion in denying Morgan's request for attorney's fees.[2] See Albrecht, 765 F.2d at 916 (holding that the district court did not abuse its discretion in finding the government's position substantially justified where ALJ was reversed for failure to identify clear and convincing reasons for rejecting the treating physicians' findings). Morgan's reliance on our decision in Yang for the proposition that the Commissioner's position is not substantially justified where the purpose of a remand is to reweigh evidence is misplaced. See Yang, 22 F.3d at 217-218 (stating that a denial of claimant's due process rights precludes a finding that the government was not substantially justified).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the district court remanded only to reevaluate the treating physician's opinion, we need not reach Morgan's contention that the Commissioner's position regarding the vocational expert was not substantially justified.' See Flores, 49 F.3d at 569 (stating that substantial justification is analyzed with respect to the issue on which the district court based its remand)
 
 
 [2]
 We reject Morgan's contention that the district court abused its discretion by failing to set forth its reasons for denying attorney's fees. The record contains adequate evidence on which the district court "rationally could have based that decision." Sampson, 103 F.3d at 921