145 F.3d 1337
 56 Soc.Sec.Rep.Ser. 725
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin FORD, Plaintiff-Appellant,
v.
Kenneth S. APFEL,* Commissioner of Social
Security, Defendant-Appellee.
No. 97-55948.
D.C. No. CV-96-05452-GHK.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1998***.
Decided June 12, 1998.
 
 Appeal from the United States District Court for the Central District of California George H. King, District Judge, Presiding.
 Before REINHARDT, THOMPSON, AND LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Ford appeals the district court's order denying his application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the district court's remand to the Commissioner of Ford's action seeking supplemental security income pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 We review for abuse of discretion the decision whether to award fees under EAJA. See Sampson v. Chater, 103 F.3d 918, 921 (9th Cir.1996). Under EAJA, a court shall award attorney's fees to a prevailing party "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).[1]
 
 
 4
 Here, the district court reversed the Administrative Law Judge's ("ALJ") decision to deny benefits because the ALJ failed to mention the uncontradicted opinion of Ford's treating physician, who concluded that Ford was disabled due to a seizure disorder and alcohol abuse. Because of the importance of this opinion and the ALJ's failure to set forth any reasons for rejecting it, the Commissioner's decision to oppose Ford's request for a remand was not substantially justified. See Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir.1995).
 
 
 5
 Accordingly, we reverse the district court's judgment and remand for the district court to determine the appropriate amount of attorney's fees and other expenses under EAJA.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 Kenneth S. Apfel is substituted for Shirley S. Chater pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ford is a prevailing party under EAJA due to his success in securing a remand under sentence four of 42 U.S.C. § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); Sampson v. Chater, 103 F.3d 918, 921 n. 2 (9th Cir.1996)