**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA K. GUNDY, | No. 10-35306 |
| Plaintiff - Appellant, | D.C. No 3:09-cv-05111-KLS |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Argued and Submitted April 11, 2011
Seattle, Washington

Before:     KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Sandra Gundy appeals the final decision of the Commissioner of Social

Security denying her application for disability insurance benefits under the Social

Security Act.  We have jurisdiction under 28 U.S.C. §1291.  We reverse and

remand for further proceedings.

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

**1.** The ALJ improperly rejected the opinions of Gundy's treating physicians, who found that Gundy's physical and mental limitations impaired her ability to work. To reject the opinion of a treating doctor, the ALJ must present specific and legitimate reasons based on substantial evidence in the record. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010). Here, the ALJ erred in rejecting Dr. Agunbiada's assessment of Gundy's ability to work because he concluded that (1) the rating was based on a one-time examination; (2) Dr. Agunbiada's opinion was not adequately supported by her clinical findings, and (3) Dr Agunbiada's opinion was contradicted by that of examining physician Dr. Quint, a urologist. The first reason is contradicted by the record; Dr. Agunbiada was Gundy's treating family physician and worked at the clinic that Gundy has used for her primary care since the 1990s. The second reason could only be reached by a crabbed reading of the record, which includes at least two assessments by Dr. Agunbiada over a period of more than a year. The third reason is not supported by substantial evidence in the record. The ALJ's explanation that Dr. Quint's assessment is consistent with an "overall" record of improvement is belied by the assessments of treating physicians over a period of several years, all of whom found that Gundy variously suffered from moderate, marked, or severe limitations in her daily functioning.

**2.** Similarly, the ALJ improperly rejected the opinion of examining family physician Dr. Grayson by concluding that her findings were contradicted by Dr. Britz, a neurosurgeon. The record reveals, however, that Dr. Britz opined on Gundy's ability to return to pre-operative functioning after a follow-up surgery to prevent recanalization of her brain aneurysm. By contrast, Dr. Grayson provided an overall assessment of Gundy's physical limitations, including complicating factors like Gundy's chronic obstructive pulmonary disease. Dr. Britz's assessment, therefore, neither contradicts, nor constitutes substantial evidence for rejecting, Dr. Grayson's assessment. *See Turner*, 613 F.3d at 1222.

**3.** The ALJ also uniformly rejected the opinions of Dr. Brose and Dr. Eather, psychologists who examined Gundy at least three times over a period of two years, stating that they were unsupported by clinical findings. The ALJ instead relied on a records review that occurred *before* these mental health assessments. This was error. The record indicates that both Dr. Brose and Dr. Eather based their assessments on full examinations of Gundy. The records review, undertaken without the benefit of the assessments of these examining physicians, does not constitute substantial evidence for rejecting the later assessments of the examining psychologists. The ALJ thus failed to present

3

specific and legitimate reasons supported by substantial evidence for rejecting the opinions of Dr. Brose and Dr. Eather.

**4.** Finally, where, as here, there is no evidence that a claimant is malingering, an ALJ's determination that the claimant is not credible must be based on clear and convincing reasons. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). The ALJ must specify what testimony is not credible and what evidence undermines it. *Parra*, 481 F.3d at 750. Here, to the extent the ALJ's determination that Gundy was not credible was based on the rejection of the physician and psychologist opinions that supported her testimony, the credibility determination was in error.

**5.** As a consequence of these errors, the ALJ erred in his determination of Gundy's residual functional capacity and in finding that Gundy did not suffer from significant non-exertional limitations. Consequently, we reverse the district court's judgment with instructions that it remand to the agency for the determination of Gundy's residual functional capacity and, if necessary, for a re-evaluation of Gundy's ability to engage in other substantial gainful activity at step five of the sequential evaluation process in light of this disposition.

**REVERSED and REMANDED.**