**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA EILRICH, | No. 11-16877 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02697-JFM |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John F. Moulds, Magistrate Judge, Presiding

Argued and Submitted March 14, 2013
San Francisco, California

Before: FISHER and NGUYEN, Circuit Judges, and GARBIS, Senior District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Marc Eilrich[1] appealed the district court's affirmance of a final administrative denial of his application for disability insurance benefits under the Social Security Act ("SSA"), 42 U.S.C. § 423. After the Appeals Council denied review of his claim, Eilrich appealed to the United States District Court for the Eastern District of California, which affirmed the denial of his application. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

1. Eilrich's application alleged disability since July 1, 2002, due to irritable bowel syndrome, bilateral groin pain, diverticulitis, and colonic polyps, as well as pain in his back, hands and knees. The Administrative Law Judge ("ALJ") determined that Eilrich was ineligible for disability insurance benefits because he did not have a "severe" impairment lasting for at least 12 consecutive months prior to the expiration of his disability coverage on December 31, 2002. The ALJ determined that Eilrich's medically determinable impairments could reasonably be expected to produce his alleged symptoms, but that Eilrich's statements regarding the severity of his symptoms were "not entirely credible." Having discredited Eilrich's testimony on the issue of severity, the ALJ went on to conclude that

---

[1] Marc Eilrich died on February 14, 2012. His widow, Sandra Eilrich, succeeds him as claimant under the Social Security Act. *See* Form SSA-1724-F4 (01-2010). On September 4, 2013, we granted Sandra Eilrich's motion to substitute her as Appellant in this action.

objective medical evidence in the record did not indicate that Eilrich's impairment was severe prior to or on December 31, 2002, and consequently, that he was ineligible for disability benefits. *See* 42 U.S.C. § 423(c)–(d); 20 C.F.R. § 404.101; *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). We need not decide whether the ALJ's severity finding was supported by substantial evidence in the record because we conclude that in any event the case should be remanded for reconsideration in light of newly discovered evidence.

2. "[I]n determining whether to remand a case in light of new evidence, [we] examine[] both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). "[E]vidence is sufficiently material to require a remand[] only where there is a *reasonable possibility* that the new evidence would have changed the outcome of the . . . determination . . . ." *Booz v. Sec'y of Health and Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (internal quotation marks omitted). We review the district court's materiality determination de novo, and its decision as to good cause for abuse of discretion. *Mayes*, 276 F.3d at 462.

In October 2010, Eilrich underwent exploratory laparoscopic surgery, which revealed serious bilateral adhesions likely caused by diverticulosis, a previous

3

appendectomy, and scarring from a 1995 groin hernia. The presence of serious intestinal adhesions in 2010 is probative of the actual severity of Eilrich's impairment in 2002. *See, e.g.*, *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) ("[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." (alteration in original) (quoting *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988))). Moreover, the new evidence is also relevant to the ALJ's adverse credibility finding, which was based at least in part on statements by Eilrich's treating physician suggesting that his reported symptoms were "out of proportion to the [objective medical] findings."

We conclude that there is a reasonable possibility that the 2010 medical results would have changed the outcome of Eilrich's application for disability benefits. Therefore, the district court erred in concluding that the evidence was insufficiently material to warrant remand. Further, the district court abused its discretion by failing to reach the issue of good cause—it goes without saying that Eilrich could not possibly have introduced the results of his 2010 surgery into evidence at his 2007 hearing. We conclude that the ALJ should reconsider—with the benefit of this new evidence—whether Eilrich's impairment was "severe"

4

within the meaning of the SSA prior to the expiration of his disability coverage in 2002.

**REVERSED and REMANDED**.