**NOT FOR PUBLICATION**

MAR 13 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHARLEEN HOTH,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant-Appellee.

No.    15-15349

DC No. CV 13-02224 CKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Argued and Submitted February 14, 2017
San Francisco, California

Before:      SILER,** TASHIMA, and HURWITZ, Circuit Judges.

Sharleen Hoth appeals the denial of attorney's fees pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA").  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

under 28 U.S.C. § 1291, and we reverse and remand to the district court for a calculation of the amount of fees to which Hoth is entitled.

Under the EAJA, a party that prevails against the United States in civil litigation may be entitled to attorney's fees. 28 U.S.C. § 2412(d)(1)(A). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) (citations omitted).

Attorney's fees are not available under the EAJA if the government's position is "substantially justified." 28 U.S.C. § 2412(d)(1)(A). "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, neither the underlying agency action nor the government's litigation position was substantially justified.

At her merits hearing, Hoth testified that she had been unable to work since 2005. The Administrative Law Judge ("ALJ") realized that the medical records from 2005-2007 were missing. Nonetheless, rather than taking any steps to procure the missing records, the ALJ decided to proceed without them. This was

not a reasonable course of action. *See Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996).

The ALJ had a duty to "conduct a full and fair hearing." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010). "[A]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id.* (citation omitted). "The ALJ must be especially diligent when the claimant is unrepresented or has only a lay representative . . . ." *Id.* (internal quotation marks omitted). As the district court later determined, the ALJ's failure to obtain the missing records "prejudiced plaintiff because the missing records concern treatment during the alleged onset of plaintiff's disability and showed treatment of her cervical radiculopathy."

It is true that, when asked by the ALJ if "we have everything," Hoth's representative[1] answered in the affirmative. However, the ALJ quickly discovered that this was not the case. The ALJ could not reasonably rely on the representative's statement that the record was complete when the ALJ's own questioning revealed that it was not. Even if Hoth should have provided the

---

[1] It is unclear from the record whether Hoth's representative was a licensed attorney.

3

missing records initially, it was the ALJ's duty to procure them when the omission was discovered. Further, once the gap in the record was made clear, it was not substantially justified for the Commissioner to defend the ALJ's erroneous conduct before the district court.

For the foregoing reasons, the district court's denial of attorney's fees under the EAJA is reversed and the case is remanded for calculation of the fees to which Hoth is entitled under the EAJA.

**REVERSED and REMANDED with directions.**