**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM Q. DIESTA,<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>          Defendant-Appellee. | No.   20-15729<br><br>D.C. No.<br>1:15-cv-00465-HG-RT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted January 21, 2022**
Honolulu, Hawaii

Before:  O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

William Diesta appeals a district court order denying his motion for attorney

fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§ 2412(d).  We have jurisdiction under 28 U.S.C. § 1291 and deny the appeal.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. The substance of Diesta's underlying social security case is not at issue here, but this court addressed it in an earlier appeal. In that matter, a divided panel of this court reversed and remanded Diesta's case for an award of benefits. The panel concluded that the administrative law judge (ALJ) erred by failing to state "clear and convincing reasons" for rejecting some of clinical psychologist Dr. Dennis Donovan's conclusions regarding Diesta's ability to work. *See Diesta v. Berryhill*, 766 F. App'x 481, 482 (9th Cir. 2019) (unpublished). As the prevailing party on appeal, Diesta then filed a motion for attorney fees under the EAJA, which the district court denied.

2. We review a district court's denial of EAJA attorney fees for an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). Under the EAJA, a prevailing party is entitled to fees and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In determining whether the government's position was "substantially justified," a district court is required to consider (1) whether the government's position in the litigation was substantially justified, and (2) whether the agency's underlying action or inaction was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

3. Diesta argues the district court abused its discretion by finding that the government's litigation position was substantially justified. We disagree.

2

Although this court reversed and remanded the ALJ and district court's denial of benefits, Diesta's success on the merits "is not dispositive of an EAJA application." *See Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017). The government persuaded both a district court judge and a judge of this court that the ALJ's position was not reversible error. That demonstrates that the government's position in the underlying social security case had a "reasonable basis in law and fact" and thus was "substantially justified," even if it did not ultimately prevail on appeal. *See Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998); *Meier*, 727 F.3d at 873 (noting it is "proper" to consider the government's success on the merits in district court as part of an EAJA analysis).

4. Diesta also argues the district court abused its discretion by failing to consider whether the ALJ's underlying decision was substantially justified. Again, we disagree.

Although the district court failed to state explicitly whether or not the ALJ's underlying decision was substantially justified, its failure to do so was not an abuse of discretion because it is clear from the district court's written decision that the issue was considered and decided. The district court's decision not only explains the ALJ's underlying decision but also notes it previously found the ALJ did not err. Additionally, the district court provides a lengthy analysis of the government's litigation position, and "the inquiry into the government's litigation position will

3

ordinarily encompass the inquiry into the administrative decision." *Sampson*, 103

F.3d at 922.

**AFFIRMED.**