NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRYSTAL L. KRAMPITZ, | No. 20-35440 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00141-JTJ |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Submitted March 5, 2021**
Pasadena, California

Before: KLEINFELD, CALLAHAN, and HIGGINSON,*** Circuit Judges.

Crystal L. Krampitz timely appeals the district court's decision affirming the

Commissioner's denial of her applications for disability insurance benefits under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's affirmance de novo to determine whether the administrative law judge's (ALJ) decision was supported by substantial evidence and lacking in legal error, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), we affirm.

1. We decline to consider whether the ALJ erred in omitting Krampitz's borderline intellectual functioning (BIF) and post-traumatic stress disorder (PTSD) diagnoses from his step two analysis because this purported error could not have prejudiced Krampitz.

Step two of the Commissioner's disability determination process is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). The ALJ resolved step two in Krampitz's favor by finding that she had severe impairments. Any alleged error in omitting BIF and PTSD from this analysis thus could not have prejudiced Krampitz. *See id.* at 1048–49.

2. Krampitz argues that the ALJ erred by discounting the medical opinions of her treating physicians in determining her residual functional capacity (RFC). We find no such error.

The ALJ gave germane reasons, supported by substantial evidence, for discounting the co-signed opinion of counselors Melanie Fisher and Elizabeth Dyrdahl, who are not "acceptable medical source[s]." *See* 20 C.F.R. §§ 404.1502(a), 416.902(a); *Molina*, 674 F.3d at 1111. Substantial evidence supports the ALJ's conclusion that Dyrdahl and Fisher's opinion deeming Krampitz unable to work was undermined by their notes suggesting less severe findings. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005))). Likewise, the record supports the ALJ's assessment that Dyrdahl and Fisher did not provide function-by-function limitations. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (affirming the denial of benefits where an ALJ discounted the opinion of a treating physician because the reports did not show how the claimant's symptoms translated into "specific functional deficits which preclude work activity").

Nor did the ALJ err in discounting the opinion of Dr. Mark Mozer. Krampitz does not identify any conflict between the ALJ's RFC determination and Dr. Mozer's opinion that is adverse to her. Dr. Rena Popma and Dr. Mark Berkowitz, whose opinions were credited by the ALJ, each relied on Dr. Mozer's opinion and assessed this opinion as being consistent with their findings. Consistent with the

ALJ's RFC determination, Dr. Mozer opined that Krampitz was capable of doing unskilled work. Moreover, the ALJ specified that his RFC determination was *more restrictive* than Dr. Mozer's opinion. Krampitz thus fails to show error on this basis. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) ("Clear and convincing reasons are not required, however, when there is no conflict.").

The ALJ did not err by declining to discuss the opinions of Dr. David Knierim, Dr. Donna Smith, Dr. Kevin Ross, Dr. Summera Qamar, physician assistant Timothy Forshay, Dr. Jennifer Fowler, Dr. Thomas Gray, nurse Kari Wiens, vocational counselor Celina Cline, nurse Kathryn Adams, or social worker B. Tweedy. These evaluations neither identified any specific functional limitations nor conflicted with the ALJ's RFC determination and thus did not require discussion in the ALJ's opinion. *See Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (concluding that an ALJ did not need to provide clear and convincing reasons for rejecting a medical opinion that did not identify any specific limitations or conflict with the ALJ's RFC determination); *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (reasoning that "the ALJ is not required to discuss evidence that is neither significant nor probative").

We do not consider whether the ALJ erred by discounting the Global Assessment of Functioning (GAF) scores in the record. To the extent that Krampitz asserts error on this basis, such error could not have been prejudicial because GAF

4

scores, standing alone, do not control disability determinations; the GAF scores in the record varied greatly; and these scores were not accompanied by specific limitation findings. *See Garrison v. Colvin*, 759 F.3d 995, 1002 n.4 (9th Cir. 2014) (noting that "GAF scores, standing alone, do not control determinations of whether a person's mental impairments rise to the level of a disability," but may be a "useful measurement"); *Molina*, 674 F.3d at 1115 (providing that an error is harmless if it is "inconsequential to the ultimate nondisability determination").

3. Krampitz next asserts that the ALJ erred in discounting mental health diagnoses that were based upon her subjective complaints. There is no indication in the record, however, that the ALJ did in fact discount any medical opinions or diagnoses because they were based upon Krampitz's self-reported symptoms. We therefore find no error on this basis.

4. The ALJ properly discredited Krampitz's testimony regarding the severity of her symptoms.

Where, as here, an ALJ determines that a claimant has shown that an impairment could reasonably be expected to produce her alleged symptoms and there is no evidence of malingering, the ALJ may only reject the claimant's testimony about the severity of her symptoms by providing "specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "[T]he

5

ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)).

The ALJ met this bar here. Substantial evidence supports the ALJ's conclusion that the medical evidence in the record undermined Krampitz's testimony concerning the severity of her symptoms. The record also supports that, as noted by the ALJ, Krampitz held several part-time positions during the relevant period.

5. We decline to consider Krampitz's argument, which she raises for the first time on appeal, that the ALJ erred by failing to consider the effects of her medical treatment in assessing her RFC. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (noting that, absent certain exceptional circumstances, this court will not consider an issue raised for the first time on appeal).

6. Krampitz asserts that the ALJ erred by failing to incorporate the effects of her medical treatment, as well as her BIF and PTSD diagnoses, into the hypothetical question posed to the vocational expert. "In order for the testimony of a [vocational expert] to be considered reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental[,] supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (internal

quotation marks omitted) (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)). Krampitz fails to show that the ALJ's RFC determination, which was included in the hypothetical to the vocational expert, did not incorporate all functional limitations supported by the record. The ALJ did not err on this basis.

**AFFIRMED**.